plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of the defendant. The intestate while in the employ of defendant fell from a signal tower and received injuries resulting in his death. The complaint alleged that defendant was negligent in failing to provide decedent with a reasonably safe place in which to work, viz., a reasonably safe signal tower for the performance of the duties required of him in and about said tower. The answer denied negligence and alleged as a first affirmative defense that whatever damage or loss was received by the plaintiff was a result of the contributory negligence of plaintiff's intestate and not of any negligence on the part of the defendant; and for a second defense that plaintiff's intestate was at the times and place mentioned in the complaint in complete charge of the signal tower and, therefore, assumed the risk of his employment and that whatever damages were sustained resulted from the risks of the occupation or from the negligence of plaintiff's intestate.

*Howard Cobb* for appellant.

*Mortimer L. Sullivan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ. Absent: HISCOCK, J.

---

LOUIS OTT, JR., Respondent, *v.* FERDINAND WESEL, as Executor of FERDINAND WESEL, Deceased, Appellant.

*Ott* v. *Wesel*, 168 App. Div. 913, affirmed.
(Argued December 7, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 26, 1915, affirming a judgment in favor of

plaintiff entered upon a decision of the court at a Trial Term without a jury in an action on contract. On March 8, 1911, Ferdinand Wesel, the defendant's testator, was the president of F. Wesel Manufacturing Company, a New York corporation, and was likewise a director and the owner of a majority of the stock of that corporation. It appears that Wesel, as president of F. Wesel Manufacturing Company, desired to employ plaintiff in the financial department of that company and to procure him to invest $5,000 in the business of the company by purchasing from the company $5,000 of its preferred stock at par and that Wesel individually and in order to induce him to make that contract with the company offered personally to give Ott out of Wesel's own holdings twenty-five shares of the common stock of the company and further offered to purchase back from Ott the said stock of the company and pay him $5,000 therefor if at the end of the year Ott was not satisfied with his employment or his investment.. Plaintiff apparently was willing to go into the employ of the company upon these terms, and accordingly on March eighth an agreement to that effect was signed by Ott and Wesel; thereafter Ott elected to avail himself of the right to have Wesel or his estate take over his stock, and on January 14, 1913, being sixty days prior to March 15, 1913, he personally handed to Ferdinand Wesel, Jr., a notice to that effect, and thereafter brought this action to compel performance.

*Wales F. Severance* and *Gustav Lange, Jr.*, for appellant.

*Louis H. Hall* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ. Absent: HISCOCK, J.